## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### IN ADMIRALTY

IN THE MATTER OF:

CASE NO.:

THE COMPLAINT OF DANIEL S. HARRIS,
AS OWNER OF *ANTICIPATION,* A 2000 32'3"
BENETEAU VESSEL (hull identification number
BEY770031900), ITS ENGINES, TACKLE,
APPURTENANCES, EQUIPMENT, ETC., IN A
CAUSE OF EXONERATION FROM OR LIMITATION
OF LIABILITY,

     Petitioner.

_____/

### COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner, DANIEL S. HARRIS, as owner of *ANTICIPATION* (hull identification number BEY770031900) (the "Vessel"), pursuant to Supplemental Rule F, of the Federal Rules of Civil Procedure and Local Admiralty Rule 7.06, for his Complaint for Exoneration From or Limitation of Liability, alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1.    This Complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, the Supplemental Rules for Admiralty or Maritime Claims, and the Local Admiralty Rules of the United States District Court for the Middle District of Florida.

2.    Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq.*

3.    At all material times, the Vessel was owned by Petitioner, DANIEL S. HARRIS ("Petitioner").

4.      This Complaint is filed within six (6) months of Petitioner first receiving written notice of a possible claim against him or the Vessel arising out of the subject incident and subject to exoneration from or limitation of liability.

5.      Venue is proper pursuant to Supplemental Rule F(9) because the Vessel is not within any district and no suit has been commenced within any district.

## OPERATIVE FACTS

6.      The Vessel is a 2000 32'3" Beneteau vessel.

7.      The incident involving the Vessel occurred on the navigable waters of the United States, in Saint Augustine, St. Johns County, Florida.

8.      At all material times, the Vessel was seaworthy, properly and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the recreational use for which it was engaged.

9.      At all material times, the Vessel was located in Saint Augustine, St. Johns County, Florida.

10.     On or about October 8, 2016, Hurricane Matthew impacted St. Augustine, causing the Vessel to break from its moorings and run aground, and resulting in the Vessel becoming a constructive total loss (the "Incident" or the "Voyage").

11.     The Incident and any ensuing property loss, damages and/or personal injury were not caused by the fault of the Vessel, Petitioner, or any person for whose actions Petitioner is responsible.  Neither Petitioner nor the Vessel is liable to any extent, and Petitioner is entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

12.     Alternatively, and without admitting liability, Petitioner alleges that in the event he or the Vessel should be held responsible to any parties by reason of the matters set forth above, Petitioner claims the benefit of the limitation of liability provided in 46 U.S.C. § 30501, *et seq.* (the "Act").

13.     For the purposes of the Act, at the termination of the Voyage, the value of the Vessel, which was and is the value of Petitioner's interest in the Vessel, is $1,200.00.  *See* Declaration of Value, attached hereto as **Exhibit "A."**  The value of pending freight at the termination of the Voyage was $0.00.

14.     Petitioner has received notice of at least one potential claim, which he expects will exceed the amount of Petitioner's interest in the Vessel.

15.     Petitioner files contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form.  As the amount of Petitioner's interest in the Vessel is $1,200.00, Petitioner will deposit $1,200.00 in the form of a surety bond with the Court's registry with interest at the rate of 6% per annum from the date hereof and costs.  Petitioner is prepared to give additional bond or stipulation for any amount as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

WHEREFORE, Petitioner respectfully requests:

A.     Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Petitioner seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this

3

Court and to serve on Petitioner's attorneys a copy thereof on or before the date specified in the notice;

B.      Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Petitioner, his underwriters, or any of his property with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in this Complaint;

C.      If any claimant who shall have filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein and the amount of the *Ad Interim* Stipulation for Costs and Value as aforesaid, this Court shall cause due appraisement to be had of the value of the Vessel following the casualty and of the value of Petitioner's interest therein and pending freight, if any, and in which event this Court shall enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, of Petitioner's interest in the Vessel and its pending freight, if any;

D.      This Court adjudge Petitioner and the Vessel are not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claim whatsoever done, occasioned, or incurred as the result of the matters and happenings referred to in this Complaint; or, in the alternative, if the Court should adjudge that Petitioner is liable in any amount whatsoever, that said liability may be limited to the value of Petitioner's interest in the Vessel, and may be derived pro rata among such claimants; and that a judgment be entered discharging Petitioner and the Vessel of and from any and all further liability and forever enjoining and

prohibiting the filing or prosecution of any claims against Petitioner or his property in consequence of or connected with the matters and happenings referred to in this Complaint; and

E.     This Court grants Petitioner such other and further relief that justice may require.

Dated: **June 14, 2017**                    Respectfully submitted,

**ROBERT B. BIRTHISEL**
FBN: 906654
**JULES V. MASSEE**
FBN: 41554
jmassee@hamiltonmillerlaw.com
**ELLEN S. MELVIN**
FBN: 106670
emelvin@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**E-SERVICE**: CBBserve@hamiltonmillerlaw.com
Tel: 813-223-1900 / Fax: 813-223-1933
*Attorneys for Petitioner, Daniel S. Harris*